IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. SMITH,

    Plaintiff,                    No. CIV S-06-0789 LKK DAD P

    vs.

GARY ALLHISER, et al.,

    Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff's complaint was not accompanied by the filing fee or an application to proceed in forma pauperis. On April 21, 2006, plaintiff was granted thirty days to pay the fee or file a properly completed application to proceed in forma pauperis. Pursuant to an extension of time granted on May 26, 2006, plaintiff filed an in forma pauperis application on June 15, 2006. The application makes the showing required by 28 U.S.C. § 1915(a). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) and 1915(b)(1). Plaintiff was without funds for six months prior to the

1

filing of this action and was without funds as of June 9, 2006.  Accordingly, the court will not assess an initial partial filing fee.  See 28 U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to his prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Claims may be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  At screening, the court accepts as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1       The Civil Rights Act under which this action was filed provides as follows:

2       Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the
3       deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at
4       law, suit in equity, or other proper proceeding for redress.

5   42 U.S.C. § 1983.  The statute requires that there be an actual connection between the actions of

6   the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

7   Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

8           "A person 'subjects' another to the deprivation of a constitutional right, within the

9   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

10  omits to perform an act which he is legally required to do that causes the deprivation of which

11  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory

12  personnel are generally not liable under § 1983 for the actions of their employees under a theory

13  of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

14  causal link between him and the claimed constitutional violation must be specifically alleged.

15  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441

16  (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official

17  personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d

18  266, 268 (9th Cir. 1982).

19          In the original complaint filed in the present case, plaintiff has sued Gary Allhiser,

20  a correctional officer employed at California Correctional Center ("CCC") in Susanville; Roy A.

21  Castro, warden of CCC when plaintiff's claims arose; and Denise Kendall, plaintiff's appellate

22  attorney.  Plaintiff alleges as follows:  defendant Allhiser violated plaintiff's First and Fourteenth

23  Amendment rights by issuing a serious rule violation report against plaintiff on May 25, 2001,

24  based on plaintiff's refusal to cut his facial hair; unspecified acts by defendant Allhiser

25  "amounted to sexual harassment"; defendant Castro refused to correct the ongoing problem

26  between plaintiff and defendant Allhiser; defendant Kendall assisted the state in "abusing

process." Plaintiff seeks millions of dollars in damages, "a press agent and release," and injunctive relief for unspecified injuries plaintiff believes to be irreparable.

On July 12, 2006, plaintiff filed a motion to amend in which he seeks permission to add defendants not named in his original complaint. He asserts that he is entitled to amend under Rule 15(a) of the Federal Rules of Civil Procedure. Attached to plaintiff's motion is a proposed amended complaint in which "plaintiffs" are described as "state prisoners incarcerated at Kern Valley State Prison." Plaintiff alleges that the relief he seeks will benefit the class as a whole. In addition to the three original defendants, the amended complaint lists the following new defendants: CC-I Lane; Nate Dill; an unnamed IRS agent; five unidentified corporate defendants; unidentified sheriffs and deputies; the secretary of the treasury; highway traffic safety administrator; "Chrysler Cooperate"; director of corrections; board of education; twenty persons sued under fictitious names.

Plaintiff may amend his pleading once as a matter of course before a responsive pleading is served. Fed. R. Civ. P. 15(a). However, plaintiff's proposed amended complaint adds claims wholly unrelated to those alleged in the original pleading. Plaintiff's new claims did not arise at CCC, and the proposed new defendants do not reside within the Sacramento Division of the court. Plaintiff may not add to this case claims that arose within the Fresno Division of this court. If plaintiff has exhausted administrative remedies on claims concerning Kern Valley State Prison, he may present those claims in a case filed in the Fresno Division.

Plaintiff is advised that a non-attorney proceeding pro se cannot represent other parties. Accordingly, plaintiff may proceed in this action only on his individual claims. Plaintiff is also advised that he cannot proceed against defendants who are not state actors. Plaintiff cannot state § 1983 claims against federal employees acting under federal law or against corporate defendants acting privately. Although lawyers are licensed by the state, they are not government officials merely because they are lawyers. See Polk County v. Dodson, 454 U.S. 312, 319 n.9 (1981). An attorney appointed by the state to represent an individual in state court

4

1   "does not act under color of state law when performing a lawyer's traditional functions as
2   counsel." 454 U.S. at 318-19, 325.

3         Plaintiff's motion for leave to amend will be granted, but the proposed amended
4   complaint will not be filed.  Plaintiff will be granted thirty days to file an amended complaint
5   alleging only claims that arose at CCC.  Plaintiff may not present the pleading as a class action.
6   The amended complaint must allege facts demonstrating that the acts complained of resulted in a
7   deprivation of plaintiff's federal constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th
8   Cir. 1980).  The amended complaint must allege in specific terms how each named defendant
9   was involved in the alleged violation of rights.  There can be no liability under 42 U.S.C. § 1983
10  unless there is an affirmative link between the defendant's actions and the claimed deprivation of
11  rights.  See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
12  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13        Plaintiff's amended complaint must be complete in itself without reference to
14  prior pleadings.  See Local Rule 15-220.  The court cannot refer to the prior pleadings in order to
15  make the amended complaint complete.  The amended complaint will supersede the original
16  complaint and the proposed amended complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
17  1967).  In an amended complaint, as if it were the first complaint filed in the case, each defendant
18  must be named in the caption of the complaint, and each claim and the involvement of each
19  defendant must be sufficiently alleged in the statement of claim.  Plaintiff must submit his
20  amended complaint on a § 1983 complaint form.

21        Plaintiff has filed numerous motions for injunctive relief.  In these motions
22  plaintiff seeks orders concerning the conditions of his current confinement at Kern Valley State
23  Prison.  Such motions are not properly before this court and will be denied without prejudice to
24  their renewal in a case or cases properly filed in the Fresno Division of the court after plaintiff
25  has exhausted available administrative remedies.  Plaintiff is informed that a motion for
26  injunctive relief must be accompanied by a brief on all relevant legal issues and by supporting

declarations, including declarations showing that irreparable injury will occur if the motion is not granted. See Fed. R. Civ. P. 65; Local Rule 65-231.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 15, 2006 application to proceed in forma pauperis (docketed as #10) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's April 26, 2006 motion for injunctive relief (#5), June 8, 2006 motion for permanent injunction and request for attorney fees (#8), June 8, 2006 motion for permanent injunctive and declaratory relief (#9), June 22, 2006 motion for injunctive and declaratory relief (#11), and August 14, 2006 motion for injunctive relief (#13) are denied.

4. Plaintiff's July 12, 2006 motion for leave to amend (#12) is granted.

5. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and this order; the amended complaint must be submitted on a form, must bear the case number assigned to this case, and must be titled "Amended Complaint"; failure to file an amended complaint that complies with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: November 28, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
smit0789.14a